# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

BRIAN GLENN COX,

Appellant.

No. 82849-5-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — In 2014, a jury found Brian Cox guilty of two counts of criminal solicitation of first degree murder and one count of violating a domestic violence protection order. This court affirmed the convictions. State v. Cox, No. 45971-0-II, slip op. at 2 (Wash. Ct. App. November 8, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/459710_Unpub_Orig.pdf. In December 2017, Cox filed a personal restraint petition (PRP) in this court, asserting the State had presented false testimony and had failed to disclose impeachment evidence. In re Pers. Restraint of Cox, No. 79664-0-I, slip op. at 1 (Wash. Ct. App. Sept. 3, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/796640.pdf. Cox sought either reversal of his convictions and remand for a new trial, or, in the event the State disputed the characterization of newly disclosed e-mail messages, reference to the superior court for an evidentiary hearing. By order dated July 26, 2018, Cox's PRP was referred to a panel for determination under RAP 16.11(b). By opinion dated September 3, 2019, the matter was transferred to the superior

court for a reference hearing under RAP 16.12 to determine specified fact questions.

The reference hearing was held in Thurston County Superior Court in February 2021. The reference court entered findings of fact that Cox failed to demonstrate that the State presented false testimony or withheld material evidence.

Cox now seeks review of the reference court's findings. We deny the relief sought and dismiss the petition.

I

Cox was initially charged with a single count of criminal solicitation of first degree murder (domestic violence) for offering to pay his coworker, Ray Lopez-Ortiz, to make Cox's wife "'permanently disappear.'" Pers. Restraint of Cox, No. 79664-0-I, slip op. at 1 (quoting Cox, No. 45971-0-II, slip op. at 3-4). Cox was arrested and detained after police recorded conversations between Cox and Lopez-Ortiz. Id. at 1-2. Deputy Prosecuting Attorney Craig Juris was assigned to the case. Id. at 4. Attorney Paul Strophy represented Cox.

In June 2013, Kenneth Parmley was charged with attempted first degree robbery. Deputy Prosecuting Attorney Mark Thompson was assigned to Parmley's prosecution, and attorney Karl Hack represented Parmley. Id. at 3-4. At the time of his arrest, Parmley had prior convictions for crimes of dishonesty. Id. at 3. He was placed in a cell with Cox. Id. at 2.

Within a week, Parmley contacted the State to report that Cox tried to hire him to "get rid of" Lopez-Ortiz. Based on Parmley's statements, the State charged

2

Cox with a second count of solicitation to murder.  Numerous e-mail messages were then exchanged between Juris, Thompson, and Hack to negotiate a resolution of Parmley's case.  Id. at 8-14.  The e-mail communications were not provided to Cox's counsel.  Id. at 5.

Parmley's case was resolved before Cox's trial began.  Id. at 4.  He pleaded guilty to an amended charge of second degree robbery with eligibility for a chemical dependency program.

Both Parmley and Thompson testified at Cox's trial that Parmley did not receive the charge reduction in return for his anticipated testimony.  Id.  at 2-4.

After Cox was convicted, he later obtained the e-mail communications at issue through a public disclosure request.  Id. at 4-5.  The e-mail communications are quoted in chronological sequence in our opinion remanding for a reference hearing.  Id. at 8-14.

II

This court remanded for a reference hearing to address two specific factual issues: false testimony and disclosure of material impeachment evidence.

First, we directed the reference court to determine (1) whether testimony by Thompson and Parmley was actually false, (2) whether Juris knew or should have known that Thompson and Parmley's testimony was actually false, and (3) whether the false testimony was material.  Id. at 20.

Second, the reference court was to decide (1) whether the State failed to timely produce potential impeachment evidence that was material to the question whether Thompson and Parmley were being truthful in their testimony relative to

3

Parmley's participation as a witness, (2) whether any such evidence that was not disclosed would have provided defense counsel the opportunity to impeach Thompson or Parmley, and (3) if so, whether the failure to provide that evidence to Cox was prejudicial. Id. at 23-24.

Juris, Thompson, Hack, and Strophy testified at the reference hearing, and the reference court found their testimony credible. Following the hearing, the reference court entered findings of fact and conclusions of law.

The reference court stated most of the testimony at the hearing concerned the e-mail messages between Hack and Thompson. Based upon the messages, the reference court found "explicit evidence demonstrated that Mr. Parmley, through his defense counsel, was not asking for a deal in exchange for his testimony."

Cox claimed Thompson was untruthful when he testified at trial there were no notes detailing the negotiations leading to Parmley's amended charge. The reference court reviewed the original trial transcript and noted Thompson was asked more precisely if there were any notes or messages in which either Parmley or Hack expressed that Parmley hoped for a better deal. As the reference court found, "[t]hat differs from asking if there are any notes regarding negotiations." The reference court found the e-mail messages showed Hack indicated to Thompson that Parmley would testify against Cox without consideration, and "[t]here was no explicit deal."

The reference court noted that neither the statement of defendant on plea of guilty nor the judgment and sentence entered in Parmley's case "indicated that

4

the reduction or recommendation was contingent upon cooperation against Mr. Cox." The reference court found Thompson and Hack were credible when they testified that "a cooperation agreement would have been included in writing if one had existed."

The reference court found that Parmley was not offered a written or formal agreement, but he did receive a reduction in the charge. However, "[t]his information was testified to and put in front of the jury" at Cox's 2014 trial.

In response to Cox's assertion that Thompson told Juris the e-mail negotiations should be provided to Cox's counsel, the reference court stated Thompson did not say the messages themselves should be forwarded, but rather that the resolution of Parmley's case should be communicated: "Mr. Thompson was noting that the resolution of Mr. Parmley's case in conjunction with the timelines and the discussions with his testimony in Mr. Cox's case should be brought up and should be made aware to the defense attorney." As a result, the reference court found, "[t]he circumstances regarding Mr. Parmley's charges and reduction were known to the defense and were placed in front of the jury."

According to the reference court, the evidence and testimony clarifies that at the time of trial, Strophy knew there was a criminal case involving Parmley that Parmley hoped would be resolved with consideration, there was no explicit agreement regarding cooperation, and the case resolved with a reduction in the charge. "[T]hat information was put in front of the jury." "The emails themselves back up those disclosures."

The reference court found, "There is nothing that is materially different or in addition in those emails than what was provided to counsel in Mr. Cox's case."

III

A

"A personal restraint petitioner bears the burden of proving issues in a reference hearing by a preponderance of the evidence." In re Pers. Restraint of Davis, 152 Wn.2d 647, 679, 101 P.3d 1 (2004). Preponderance of the evidence is equivalent to the "more likely than not" standard. In re Pers. Restraint of Gentry, 137 Wn.2d 378, 409, 972 P.2d 1250 (1999).

We review challenged factual findings to determine whether the findings are supported by substantial evidence. Davis, 152 Wn.2d at 679. "Substantial evidence exists when the record contains evidence of sufficient quantity to persuade a fair-minded, rational person that the declared premise is true." Ino Ino, Inc. v. City of Bellevue, 132 Wn.2d 103, 112-13, 937 P.2d 154, 943 P.2d 1358 (1997) (quoted in Gentry, 137 Wn.2d at 410). The trial court's determination of credibility cannot be reviewed on appeal, even where there are other reasonable interpretations of the evidence. Davis, 152 Wn.2d at 680.

Cox asserted Thompson and Parmley testified falsely about Parmley's efforts to obtain a better deal for his robbery charge and that Thompson testified falsely as to whether there were notes about the negotiations.

Juris, Thompson, and Hack all testified at the reference hearing that nothing in the resolution of Parmley's case was contingent on Parmley's testimony against Cox.

The reference court found that the evidence presented during the hearing demonstrated Thompson's testimony was truthful and not false and Parmley's testimony was not false. "The petitioner has not demonstrated by a preponderance of the evidence that false material testimony was presented."

Cox further argued the State withheld material impeachment evidence by failing to disclose the e-mail messages regarding consideration to Parmley for his testimony against Cox.

The reference court found the State provided Cox's attorney with the potential impeachment evidence: "There has been no showing that material information was withheld which, had the information been provided, would have a reasonable probability of affecting the outcome of the trial."

We remanded Cox's PRP for a reference hearing because, in light of the newly-disclosed e-mail messages, it was "unclear" whether Parmley knew of and acted on willingness by the State to reduce his charge, and whether the State did reduce his charge, such that there "could" have been an "implicit agreement" regarding Parmley's testimony notwithstanding the original trial testimony that there was not an agreement. Pers. Restraint of Cox, No. 79664-0-I, slip op. at 19-20. Likewise, we held the evidence presented fact questions concerning whether the State's witnesses had been truthful at Cox's 2014 trial and whether the State had been in possession of, and failed to disclose, material impeachment evidence under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L Ed. 2d 215 (1963). Pers. Restraint of Cox, No. 79664-0-I, slip op. at 23-24.

7

As to both the existence of an agreement for testimony and the existence of potential Brady material, despite Cox's argument that the newly-disclosed e-mail messages could be interpreted to suggest an implicit agreement for testimony, we remanded because the e-mail messages could also be interpreted in a manner consistent with the absence of any agreement for testimony—and therefore also consistent with the information given to Cox originally and presented at his 2014 trial. Id. at 22-23. The testimony at the reference hearing, together with the e-mail messages, provide substantial evidence supporting the reference court's findings that there was not an agreement for testimony and no withholding of potential Brady material.

The reference court entered both findings of fact and conclusions of law. The conclusions of law exceeded the scope of this court's reference under RAP 16.12. Generally, this court may either refer a PRP to superior court for a determination on the merits or refer a PRP solely to determine disputed facts. See id. When this court refers the PRP for determination on the merits, the superior court makes any necessary factual determinations and reaches the final merits of the PRP, which is subject to review under the same procedure as any other trial court decision. RAP 16.14(b). When this court refers the matter solely to determine disputed facts, the superior court is limited under RAP 16.12 to determining the referenced fact questions and returning the case back to this court to determine the final merits of the PRP.

In this case, following the superior court's findings of fact and conclusions of law, Cox reinitiated proceedings in this court by filing a notice of appeal under

the superior court case number for the original criminal action filed against him in 2013. This court assigned a new appellate case number and procedurally treated the matter as an appeal taken from the superior court's findings of fact.

The combination of this court's original reference, the superior court's findings of fact and conclusions of law, and Cox's notice of appeal did not strictly follow either of the alternate paths envisioned by RAP 16.11(b), RAP 16.12, and RAP 16.14, but we do not find that the procedural posture affects the disposition of this case. We remanded for the trial court to enter findings of fact, we conclude that those findings are supported by substantial evidence, and we conclude based on those findings that Cox is not entitled to relief on his PRP.

B

After the reference hearing that addressed specific factual questions, Cox asserts for the first time in his appeal of the reference hearing findings that Juris committed prosecutorial misconduct by calling Thompson as a witness to vouch for Parmley's credibility at trial. This court already rejected in Cox's direct appeal his claim that Juris improperly vouched for Parmley's credibility during closing argument. Cox, No. 45971-0-II, slip op. at 8. Now Cox "cannot locate any case that addresses the improper form of vouching presented here." All that is offered is the unsupported assertion that "there is an overwhelming likelihood that [Deputy Prosecuting Attorney] Thompson's testimony affected the jury's verdict."

Any claim of improper vouching is beyond the scope of the remand. It is not properly an issue in this appeal. RAP 2.4.

9

C

Under RAP 10.10, Cox raises several additional challenges to his conviction, including the insufficiency of police authorization to record him, alleged improper police action in arresting and interrogating him and in preserving evidence, entrapment/enticement/inducement, impermissible opinion testimony as to his guilt, his compliance with the domestic violence no contact order, and alleged police violations of the Washington Criminal Records Privacy Act, chapter 10.97 RCW.

Cox's notice of appeal designated the findings of fact and conclusions of law entered by the reference court on remand. His additional concerns are entirely outside the specific factual issues addressed by the reference court. "[I]ssues that involve facts or evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds." State v. Calvin, 176 Wn. App. 1, 26, 316 P.3d 496 (2013). We will not review Cox's additional challenges.

IV

The reference court assessed the briefing, statements, exhibits, and testimony of witnesses in light of the questions submitted. The reference court did not find false testimony or a failure to disclose material impeachment evidence. We determine that the superior court's findings of fact are supported by substantial evidence and are affirmed. Cox is not entitled to reversal of his convictions and a new trial.

The substantially prevailing party typically receives an award of appellate costs. The appellate court may direct otherwise when "an adult offender does not have the current or likely future ability to pay such costs." RAP 14.2.

The trial court entered an order of indigency because it found Cox was unable to pay for the expenses of appellate review. We direct that the State is not awarded appellate costs.

We deny the relief sought and dismiss the petition.

_Birk, J._

WE CONCUR:

_Coburn, J._        _Dwyer, J._